IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS THORNTON,** | ) CIV F 06-1455 AWI SMS |
|  ) | |
| Plaintiff, ) | **ORDER ON PLAINTIFF'S** |
| v. ) | **MOTION TO STRIKE** |
|  ) | |
| **SOLUTIONONE CLEANING** ) | |
| **CONCEPTS, INC., a California** ) | |
| **corporation, TODD PIGOTT, an** ) | |
| **individual, and DOES 1-50, inclusive,** ) | |
|  ) | |
| Defendants. ) | |
| _____) | |

    This case was removed from State court.  Plaintiff Thomas Thornton ("Thornton")'s complaint contains six causes of action: (1) unpaid overtime under the California Labor Code and California Industrial Welfare Commission Orders; (2) inadequate meal periods in violation of the California Labor Code § 512 and California Industrial Welfare Commission Orders; (3) waiting time penalties under California Labor Code § 203; (4) failure to itemize wage statements in violation of California Labor Code § 226; (5) unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b); and (6) unfair business practices under California Business and Professions Code § 17200 et seq. for the failure to pay overtime and provide adequate meal and rest periods.  After removal, Defendants Solutionone Cleaning Concepts and Todd Pigott (collectively "Defendants") filed an answer on October 20, 2006, that contained

thirty-eight affirmative defenses. Thornton then filed a Rule 12(f) motion to strike eighteen of the thirty-eight affirmative defenses. On December 4, 2006, Defendants filed an amended answer. On December 26, 2006, after the Court took the matter under submission, the parties filed a stipulation allowing for the withdrawal of the amended answer without penalty. In giving effect to this stipulation, the Court allowed Defendants to file a late opposition. This opposition, and a reply thereto, have now been filed. For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Rule 12(f) motion.

## LEGAL STANDARD

*Rule 12(f)*

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, 984 F.2d at 1527. Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, 984 F.2d at 1527. Scandalous matter is defined as allegations "that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court," Cobell v. Norton, 224 F.R.D. 1, 5 (D. D.C. 2004), and "includes allegations that cast a cruelly derogatory light on a party or other person." In re 2TheMart.com Secs. Litig., 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005). Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to

2

plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party.  See Fantasy, 984 F.2d at 1527-28.  Motions to strike are generally viewed with disfavor and are not frequently granted.  See Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003).  Courts must view the pleading under attack in the light more favorable to the pleader.  See id.  Further, matters outside the pleadings generally will not be considered.  See Serpa v. SBC Telecomms., Inc., 2004 U.S. Dist. LEXIS 18307, *16 n.4 (N.D. Cal. 2004); Microsoft Corp. v. Computer Support Servs. of Carolina, Inc., 123 F.Supp.2d 945, 949-950 (W.D. N.C. 2000); Wine Mkts. Int'l v. Bass, 177 F.R.D. 128, 134 (E.D. N.Y. 1998).  "[M]otions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation."  Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F.Supp.2d 1088, 1099 (E.D. Cal. 2001).

## DISCUSSION

Plaintiff has challenged the eighteen of the thirty-eight asserted defenses.  In opposition, Defendants state that they will not oppose Plaintiff's motion as it relates to affirmative defenses 6, 7, 8, 12, 16, 20, 21, 22, 23, 24, 27, and 33, request that the Court grant them leave to amend their answer to remove these affirmative defenses, but reserve the right to seek leave to amend the answer at a later date to reassert these affirmative defenses if discovery reveals that any of them are relevant.  See Defendants's Opposition at 3.  Given the non-opposition and request to reserve the right to amend their answer should further discovery reveal that these affirmative defenses are relevant, Defendants are essentially conceding that these affirmative defenses are immaterial at this time.  Accordingly, given the representations by Defendants, the Court will strike the sixth (statute of limitations), seventh (legitimate non-discriminatory reasons for conduct), eighth (administrative remedies), twelfth (laches), sixteenth (internal remedies), twentieth (sufficiency of punitive damages allegations), twenty-first (fines and penalties contrary to the First Amendment), twenty-second (punitive damages claim violates due process), twenty-third (constitutionality of punitive damages claim), twenty-fourth (good faith bars punitive

damages), twenty-seventh (ratification), and thirty-third (statute of frauds) affirmative defenses. The Court will grant Defendants leave to seek amendment of their answer if, after further discovery, it appears that these defenses may in fact have relevance to this case. However, given the resolution of this motion, it is unnecessary to amend the complaint merely to remove the stricken affirmative defenses.

The Court will address the remaining six affirmative defenses individually. The Defendants have submitted declarations and exhibits in opposition to the motion to strike. "Since it is generally improper to consider matters outside the pleadings in ruling upon a motion to strike, the Court will not consider any evidentiary submissions filed by any party." Wine Mkts., 177 F.R.D. at 134. The Court will therefore rely on the arguments and pleadings in assessing the remaining challenged defenses and strike only those defenses for which no evidence in support of the allegation would be admissible, or those defenses that could have no possible bearing on the issues in the litigation. Gay-Straight Alliance, 262 F.Supp.2d at 1099.

**1.     Affirmative Defenses 13, 14, 15, 30, and 37**

According to Defendants's opposition, affirmative defenses 13 (waiver), 14 (unclean hands), 15 (consent), 30 (consent), and 37 (compromise and release) are all based on the alleged settlement reached with Thornton.[1]  The opposition makes no distinction between these five affirmative defenses, but instead argues that a settlement of a bona fide dispute has occurred, and thus, these defenses should not be struck. In other words, these defenses are all variations of alleging the existence of a settlement and are redundant of affirmative defense No. 37. Affirmative Defense No. 37 states that Defendants are not liable because "Plaintiff has already settled all claims by way of Compromise and Release in his wage and hour claims." Answer at 11:17-20. The issue then is whether a compromise and release, that is a settlement, is a potentially viable affirmative defense.

---

[1] In the penultimate page of their opposition, Defendants summarize, "In the present matter, Defendant's assertion of the [13th, 14th, 15th, 30th, 31st, and 37th] affirmative defenses are permissible because, as set forth above, the parties settled their bona fide dispute over hours worked and compensation due via a private settlement before the California Labor Commissioner on June 21, 2006." Defendants's Opposition at 9:3-6.

4

With respect to Thornton's California wage claims, the California Supreme Court has held that an employer and employee may "compromise a bona fide dispute over wages[,] but such a compromise is binding only if it is made after the wages concededly due have been unconditionally paid." Reid v. Overland Machined Products, 55 Cal.2d 203, 208 (1961); Sullivan v. Del Conte Masonry Co., 238 Cal.App.2d 630, 634 (1965).  At this point, if wages that are concededly due have been unconditionally paid, then *Reid* and *Sullivan* suggest that it is possible that an enforceable settlement of Thornton's California wage claims exists.[2]

With respect to Thornton's FLSA claim, the FLSA "is designed to prevent consenting adults from transacting about minimum wages and overtime pay.  Once the [FLSA] makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986).  The United States Supreme Court "has frequently emphasized the non-waivable nature of an individual employee's right to . . . overtime pay under the FLSA. . . . FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 740 (1981) (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114-16 (1946) and Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)); Garofolo v. Donal B. Heslep & Assoc., 405 F.3d 194, 199 (4th Cir. 2005); Wethington v. Montgomery, 935 F.2d 222, 229 (11th Cir. 1991); see Williams v. Strickland, 87 F.3d 1064, 1067 (9th Cir. 1996) (acknowledging that "FLSA rights cannot be waived"); Stalnaker v. Novar Corp., 293 F.Supp.2d 1260, 1262 (M.D. Ala. 2003).  There are "only two ways" in which FLSA wage claims by private sector employees can be settled or compromised: (1) through supervision by the secretary of Labor as provided by 29 U.S.C. § 216(c); and (2) approval by a district court of a settlement

---

[2]In response to Defendants's citation of, and reliance on, *Reid* and *Sullivan*, Thornton states that the Court should interpret "bona fide dispute" in accordance with federal law and require that the number of hours worked be listed in the settlement.  This argument appears to be based on extraneous submissions by Defendants.  Since the Court will not consider Defendants's extraneous submissions, see Wine Mkt., 177 F.R.D. at 134, it is unnecessary to address this argument.  The merits of the affirmative defense can be raised in a subsequent motion.

through a consent judgment after a lawsuit has been initiated.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982); Yue Zhou v. Wang's Rest., 2006 U.S. Dist. LEXIS 84397, *3-*4 (N.D. Cal. 2006); Brown v. L & P Indus., 2005 U.S. Dist. LEXIS 39920, 23-24 (E.D. Ark. 2005); Stalnaker, 293 F.Supp.2d at 1262; Hohnke v. United States, 69 Fed. Cl. 170, 178-79 (Fed. Cl. Ct. 2005).  Since there are two ways to possibly settle FLSA wage disputes with employees like Thornton, it is possible that a settlement, either approved/supervised by the Secretary of Labor or a court, has occurred.  The representations in the opposition indicate that a private settlement has occurred, which suggests that the two acceptable methods of settling FLSA wage disputes were not followed.  Settlements that do not follow the two methods discussed above are unenforceable.  See Hohnke, 69 Fed. Cl. at 179-78; cf. Lynn's, 679 F.2d at 1353-55.

Nevertheless, settlement of bona fide FLSA and California law wage disputes are available under limited circumstances.  Given this possibility, it is not clear at this point that affirmative defense No. 37 has not application to this case.  However, given the representations of Defendants in their opposition, the Court reads affirmative defenses 13, 14, 15, and 30 as different methods of alleging the same thing, a settlement.  Accordingly, the Court will not strike affirmative defense No. 37, but will strike affirmative defenses 13, 14, 15, and 30 as unnecessarily redundant of affirmative defense No. 37.

### 2.     Affirmative Defense No. 31 – Attorney's Fees Under California Code of Civil Procedure §§ 128.5, 128.6, & 128.7

Affirmative defense No. 31 states that this action is frivolous, that Defendants are incurring legal fees, and those fees are recoverable as per California Code of Civil Procedure § 128.7, and §§ 128.5 and 128.6, if applicable.  See Answer at 10:11-18.  Defendants lump this affirmative defense with defenses 14, 15, 16, 30 and 37, and do not specifically defend it or explain its application.  Thornton contends that the assertion of these California statutory provisions are inappropriate in an answer and are inapplicable because Defendants removed this case to federal court.

First, these statutes are not affirmative defenses because they do not attempt to excuse

conduct alleged in the complaint.  See Spicer v. Gregoire, 194 F.3d 1006, 1008 (9th Cir. 1999). Second, these California statutory provisions basically mirror Federal Civil Procedure Rule 11 and deal with imposing sanctions for filing frivolous lawsuits.  See Truesdell v. Sourthern Cal. Permenante Med. Group, 151 F.Supp.2d 1174, 1182 (C.D. Cal. 2001) (noting that C.C.P. § 128.7 is "the equivalent of Rule 11 at the state level), vacated on other grounds, 293 F.3d 1146 (9th Cir. 2002); cf. Fed. R. Civ. Pro. 11 with Cal. Civ. Pro. Code §§ 128.5, 128.6, 128.7.  A "federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal." Griffen v. City of Oklahoma City, 3 F.3d 336, 341 (10th Cir. 1993); Davis v. MCI Communs. Servs., 421 F.Supp.2d 1178, 1183 (E.D. Mo. 2006); Pillos v. Thigpen Ltd., 1996 U.S. Dist. LEXIS 3147, *2 (C.D. Cal. 1996).   Neither party has adequately discussed the potential application of these statutory provisions to this case, and Defendants have not defended or explained their basis for pleading these state law procedure codes as affirmative defenses.  It appears to the Court that these sections would have an application only if this case eventually terminates in Defendants's favor.  The Court fails to see how these provisions could have any effect on the merits of the case/issues in litigation.  Given the absence of an explanation by Defendants, that §§ 128.5, 128.6, and 128.7 are not affirmative defenses, and the apparent irrelevance of these sections to the issues in litigation/the merits of this case, the Court will strike affirmative defense No. 31.  However, because the Court is not convinced at this point that §§ 128.5, 128.6, and 128.7 would have no application after the merits of case are determined, affirmative defense No. 31 will be struck without prejudice to reassertion by Defendants should this case terminate in Defendants's favor.

## **CONCLUSION**

Thornton moves to strike eighteen of Defendants's thirty-eight affirmative defenses. Defendants expressly do not oppose striking affirmative defenses 6, 7, 8, 12, 16, 20, 21, 22, 23, 24, 27, and 33 if they may seek leave to amend should further discovery reveal that these affirmative defenses are actually relevant.  Given Defendants's concession of immateriality, the Court will strike these affirmative defenses.

7

As to affirmative defenses 13, 14, 15, 30 and 37, based on the opposition of Defendants, these affirmative defenses are all variations and different ways of alleging a settlement. They are thus redundant of affirmative defense No. 37, which expressly alleges compromise and release. Since it is possible to settle FLSA and California law wage claims under limited circumstances, the Court will not strike affirmative defense No. 37. However, since affirmative defenses 13, 14, 15, and 30 are unnecessarily redundant of No. 37 (as defended by Defendants in opposition), the Court will strike affirmative defenses 13, 14, 15, and 30 as redundant.

With respect to affirmative defense No. 31, these California statutory provisions mirror Rule 11 and are not affirmative defenses. Since Defendants have not adequately explained the inclusion of these statutes within their answer, and since the Court does not see how these provisions would have an effect on the issues or merits of the case, the Court will strike No. 31. However, since these statutes may apply if this case terminates in favor of Defendants, No. 31 will be struck without prejudice to reassertion at a later time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Rule 12(f) motion to strike is GRANTED in part and DENIED in part as follows:

1. Is GRANTED as to Defendants's affirmative defenses 6, 7, 8, 12, 13, 14, 15,16, 20, 21, 22, 23, 24, 27, 30, and 33, but without prejudice to Defendants seeking leave of court to reassert these affirmative defenses if further discovery shows that any of the defenses have application to the issues/merits of this case;
2. Is DENIED as to Defendants's affirmative defense 37; and
3. Is GRANTED as to Defendants's affirmative defense 31, but without prejudice to reassertion if this case terminates in Defendants's favor.

IT IS SO ORDERED.

**Dated:   January 25, 2007**              **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE