MICHAEL L. TRACY, ESQ. (SBN 237779)
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
mhutchins@michaeltracylaw.com
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff
THOMAS JOSEPH THORNTON

## UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH THORNTON,<br><br>   Plaintiff,<br><br> vs.<br><br>SOLUTIONONE CLEANING CONCEPTS, INC., et al.,<br><br>   Defendants. | ) Case No. 1:06-CV-01455-AWI-SMS<br>)<br>) Assigned for All Purposes To:<br>) Judge:  Sandra M. Snyder<br>) Dept:   7<br>)<br>) **STIPULATION FOR JUDGMENT AND APPROVAL OF SETTLEMENT**<br>)<br>)<br>) |

This Stipulation for Judgment is entered into between Defendants SolutionOne Cleaning Concepts, Inc, and Todd Pigott and Plaintiff Thomas Thornton(collectively "Settlement Parties"), by the signatures of their counsel of record to this Stipulation.

## RECITALS

1. Each counsel who signs this stipulation has all authority required to bind the Settlement Parties, and their successors, assigns, and heirs, to the terms of this Stipulation and any Judgment resulting from it.

2. Beginning in or about June of 2006, counsel for Plaintiff and Defendants were in communication about Plaintiffs' claims asserted in this action.

3. Between July 2006 and July 2007, the parties, through their attorneys, exchanged information and documents related to Plaintiffs' claims, including information regarding their hours, pay and job responsibilities.

4.     On or about July 3, 2007, after several months of discussion between counsel for the Settlement Parties, Plaintiffs and Defendants agreed to a fair and reasonable agreement to settle their differences.  As part of that agreement, the Settlement Parties agreed to seek court approval of that settlement.

5.     The Settlement Parties desire to resolve this litigation, and in doing so do not concede the truth or falsity of any allegation of fact made in the pleadings in this matter, nor do they concede the correctness or applicability of any legal theory of recovery or defense asserted in this action.

6.     The Settlement Parties have negotiated and fully executed confidential settlement agreement (referred to herein as the "Settlement Agreement" or the "Agreement").  The Settlement Parties agree that the Agreement constitutes a full and fair settlement of all claims raised by Plaintiff in this matter and that could be raised by all Plaintiff in this matter.  This Judgment is intended to and will extinguish all of the claims of this Plaintiff raised in this matter and that could be raised in this matter by these Plaintiff and should be entered by the Court.

7.     Because the settlement includes claims raised under the Fair Labor Standards Act ("FLSA"), this Court must supervise and approve the settlements.  *See Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) ("Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court.")

8.     The Settlement Parties concede that this Court has subject matter jurisdiction of this action by virtue of the federal claim for relief and that, by agreeing to a judgment in this matter, they voluntarily consent to this Court exercising jurisdiction over their persons.

9.     The proper method by which a court may approve an FLSA settlement is through a stipulated judgment.  *Schulte, Inv. V. Gangi*, 328 U.S. 108, 114 66 S.Ct. 925, 90 L.Ed. 1114 (1946).  *See also Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")

10.    The Settlement Parties seek to maintain confidentiality as to the terms of the Settlement Agreements and stand ready to appear personally before

1    the Court to provide whatever further documentation or information that
     the Court may need to endorse this Stipulated Judgment, including a
2    copy of the Settlement Agreement for the Court's in camera review.

3
## TERMS OF PROPOSED JUDGMENT
4

5    The Court shall enter Judgment, dismissing this case with prejudice, without any

6    admission of wrongdoing by either of the Settlement Parties and without costs or fees

7    to either party.

8    This Stipulation was executed on August ___, 2007.  This agreement may be signed

9    in counterparts, bearing facsimile signatures, each of which shall be deemed an

10   original. /////////IT IS SO STIPULATED.

11   DATED:  August 3, 2007              LAW OFFICES OF MICHAEL L. TRACY
                                         By:    __/s/ Megan Ross Hutchins_
12                                              MEGAN ROSS HUTCHINS, Attorney for
13                                       Plaintiff THOMAS JOSEPH THORNTON
14

15                                       SUTTON HATMAKER LLPLaurian
     Dated:  August _ 2007              Ewbank
16                                       By:   /s/Laurian Ewbank
17                                              Laurian EwbankAttorney for
                                                Defendants
18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR JUDGMENT AND APPROVAL OF SETTLEMENT

1

## <u>ORDER ON STIPULATION</u>

2

The Court has reviewed and accepted this Stipulation as a proper disposition of this

3

matter.   The Court has determined that the settlement of this matter is fair and

4

reasonable.  IT IS SO ORDERED that the Clerk of this Court enter Judgment in this

5

matter, dismissing this case with prejudice, but without costs or fees to either party.

6

Judgment shall be so entered forthwith.

7

8

9

IT IS SO ORDERED.

10

11

**Dated:   August 3, 2007**          /s/ Anthony W. Ishii

12

UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28